United States District Court       Southern District of Texas

| | | |
|---|---|---|
| Michael Raybion, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| *versus* § | | Civil Action H-07-2969 |
| § | | |
| National Substance Abuse Professionals § | | |
| Network, § | | |
| § | | |
| Defendant. § | | |

## Opinion on Summary Judgment

1.  *Introduction.*

    A man completed a substance abuse program and passed a drug test. He then applied for a job that required a different, stricter test; this one, he failed. He says that his failure is the program's fault. It is not.

2.  *Test, Program, Test.*

    Michael Raybion worked as a crane operator for a construction company until he tested positive for marijuana. The company referred him to a drug program administered by the National Substance Abuse Professionals Network. National recommended that he take ten classes over two weeks, followed by another drug test. He completed the classes and passed the test.

    Raybion applied for another job in construction, and he failed the prospective employer's drug test. This was a stricter test than the one used in the counseling program; among other things, it could detect drugs at lower levels. Raybion did not get the job.

    A consortium of construction firms has adopted a policy that bans a worker who has failed two drug tests from being considered for employment with its member companies for three years.

3.  *Responsibility.*

    Raybion failed the first test before using National. Raybion passed the interim test at

the end of his counseling. Raybion failed the prospective employer's test. National had nothing to do with either of the employer-required tests.

National counsels drug users. Raybion signed a contract with National that does not warrant drug tests. It merely says that in exchange for a fee, National will advise Raybion about ways to adjust his behavior that may help him avoid drugs in the future. It has no guaranteed cure. After the counseling, National directed Raybion to take a drug test at a clinic of his choice. The clinic was not related to National, and Raybion contracted separately with it. This test was simply part of the counseling – a step that he knew he had to take, which knowledge could induce modified behavior.

National fulfilled its obligation to counsel Raybion. When it finished, it told him that he had completed the sessions and that he had passed one particular drug test. Raybion could not apply for a job within the consortium without a certificate of having been through a program.

National did not administer the pre-employment test. He failed two tests, and employers selected the clinic and test-level.

Raybion has not accounted for the his failure of the pre-employment test. Independent of National, traces of illegal drugs were in his body. Independent of National, the employers by whom Raybion would prefer to be employed have a strict anti-drug policy.

4. *Conclusion.*

Michael Raybion will take nothing from the National Substance Abuse Professionals Network.

Signed on May 5, 2008, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge